AUSTIN *v.* FLURRY

No. 40156　　　　　　April 23, 1956　　　　86 So. 2d 852

*J. W. Conger, Rupert Ringold,* Winona, for appellant.

*Robertson Horton,* Winona, for appellee.

McGEHEE, C. J.

On August 17, 1950 the appellee, L. H. Flurry, became the owner of the NW¼ of the SE¼, and on August 4, 1951 the appellant, C. E. Austin, became the owner of the NE¼ of the SW¼ of Section 33, Township 19 North, Range 6 East, in Montgomery County. This suit was brought by the appellee to cancel as a cloud upon his title the claim of the appellant to a strip of land 52 feet wide east and west and running north and south all the way between the two 40-acre tracts. There is not dispute between the parties as to the fact that the appellee owns the 40 acres of land purchased by him on August 17, 1950 and that the appellant owns the land purchased by him on August 4, 1951, as above described. The controversy is as to the location of the north and south line which separates the two 40-acre tracts.

Upon the trial neither party proved the location of this line by the governmental survey. The complainant, Flurry, relied upon an old wire fence, consisting of three or four strands of wire deeply imbedded in trees, as being the recognized line separating the two forties for a period of at least forty years. The defendant, Austin, had a survey made after he purchased his forty

acres and introduced the surveyor as a witness, but made no effort to prove by this surveyor or by anyone else that his survey of the line between the two forties running north and south was correct according to any governmental survey, except by his own assertion to that effect.

The testimony of several witnesses for the complainant and the photographs of the imbedded wires in the trees were ample to support his contention that the predecessors in title of both parties had recognized this old wire fence as the north and south line between the two 40-acre tracts for at least forty years. The chancellor cancelled the appellant's claim of title to the 52-foot strip of land in question as a cloud on the title of the complainant and required that the defendant remove a new fence, located about 42 feet east of the old wire fence, running north and south, which he had built after he purchased his forty acres of land and which new fence the defendant testified was built 10 feet west of the survey which the defendant had caused to be made. From the decree of the chancellor in that behalf, the defendant appeals.

In locating the new fence, the defendant testified that he left 10 feet on the east side thereof for purposes of fire protection. The dispute is as to whether the 52-foot strip in controversy is a part of the NW¼ of the SE¼ or is a part of the NE¼ of the SW¼. The 52-foot strip of land is woodland, has not been cultivated by either of the parties or their predecessors in title; but the chancellor was warranted in finding that the complainant and his predecessors in title, as well as the predecessors in title of the defendant, had claimed to and recognized the old wire fence as the line between their respective lands, for longer than the statutory period of ten years prior to the purchases by the complainant and defendant in the years of 1950 and 1951, respectively, and that they had exercised such acts of ownership and control as are

usually exercised by an owner of timbered land the same as if it had been shown according to a governmental survey that the land out to this old fence was within the calls of their respective deeds. The defendant by his own testimony admitted that this old fence extended about half way up the north and south line, and the complainant testified that he extended it north where the old fence had been to their common corner, that is to say, to the northeast corner of the appellant's land and to the northwest corner of the appellee's land, and he had notified the defendant not to place his new fence to the east of the old recognized fence line, and that this was done before the defendant had started to build his new fence.

It is asserted on behalf of the appellant that the bill of complaint alleged, and that it was abundantly shown by the complainant's own proof, that the defendant's new fence was placed on the government line, and that the complainant admitted in his pleadings that the strip he claimed was over on the northeast quarter of the southwest quarter and that it was within the calls of the defendant's deed and not within the calls of the complainant's deed. The appellant alleges that he "built his fence on the undisputed (in fact, admitted) government line." But we find neither an admission nor proof in the pleadings or testimony that the defendant built his fence on the government line. He testified that he built it 10 feet west of the line that he had had surveyed after he bought his 40 acres, whereas the testimony on behalf of the complainant was that he built the fence 52 feet east of the recognized line at the old wire fence.

The amended bill of complaint alleged that the complainant is the true owner of the tract of land "described in Paragraph 6" of the amended bill "which includes the said strip of land, approximately fifty-two feet wide East and West running North and South along the East side of said old fence. Defendant does not own any land

East of said old fence and owns no part of the said fifty two foot strip'' here in question.

When we look at Paragraph 6 of the amended bill, we find that it is alleged that under the last will and testament of W. M. Patterson, deceased, admitted to probate in 1889, the 40 acres of land now owned by the complainant through mesne conveyances, is described in the will as: ''Beginning at the Southeast Corner of the Northwest Quarter of the Southeast Quarter of said Section 33, Township 19 North, Range 6 east, and run thence West a distance of 20 chains, more or less, *to an old fence* on a hedge row, thence Northerly along said fence on said hedge row a distance of 20 chains, thence Easterly a distance of 20 chains, more or less, to the Northeast Corner of said Northwest Quarter of Southeast Quarter, and thence South a distance of 20 chains, more or less, to the point of beginning.'' (Italic ours).

It is further asserted on behalf of the appellant that the appellee never claimed the 52-foot strip, never exercised any dominion over it, did not consider it a part of his purchase, and did not dispute the correctness of the defendant's new fence line as being the governmental subdivision line, whereas the proof is overwhelming that the old wire fence had been the recognized line between the respective forties for at least forty years, with one witness testifying that the fence had existed for at least sixty years.

In other words, this is just another land-line law suit decided by the chancellor on the testimony before him in which there is but little conflict, and where the appeal is based upon the erroneous assumption that it was both admitted by the complainant and proved by the defendant that the new line that he caused to be surveyed was correct according to the governmental survey. We find no admission of the complainant or proof by the defendant to establish where the true line according to a governmental survey would be located. We think that

the chancellor was correct in holding that the old wire fence was the recognized line between the two 40 acres of land for at least two score years. The deeply embedded strands of wire of the old fence are sufficient to establish the correctness of that finding, as shown by the photographs contained in the record, aside from the testimony of several witnesses who had lived in the community for many years. The decree appealed from must therefore be affirmed.

Affirmed.

*Hall, Kyle, Holmes,* and *Gillespie, JJ.,* concur.